† MILTON SATER, ADM'R, v. GEORGE KOCHER.

PURCHASER OF LANDS SOLD BY EXECUTOR UNDER A WILL IS NOT BOUND TO LOOK TO APPLICATION OF PROCEEDS.

A testator in this will directed the executor named to sell all the real estate and to divide the proceeds between testator's widow and children. Under this direction and authority the executor sold land for part cash and part purchase money note, and there being no children, on the order of the probate court handed over the proceeds (money and note) to the guardian of the widow, who had become insane, and the purchaser paid the note on maturity to the guardian to whom it had been indorsed over by the executor in compliance with the order of the probate court. Afterwards parties claiming to be the children of the testator appeared and sued the purchaser for the amount of the purchase money note paid by him to the guardian of the widow. *Held:* That, whatever might be the liability of the bondsmen of the executor and guardian, the purchaser was not bound to look to the application of the proceeds of the sale of the real estate by the executor.

† The judgment in this case was affirmed by the supreme court, without report, 51 O. S., 622.

ERROR to the court of common pleas of Hamilton county.

SWING, J.

This case came here on error to the court of common pleas.

The facts out of which the action arose, in brief, are these:

J. P. Cloud, by his will, directed his executor, William F. Converse, to convert into money as soon as practicable his real estate, and pay over the proceeds in equal sums to his two children, William and Ellen. And he authorized said executor to sell all his real estate, and execute deeds in fee simple to the purchasers for the same.

In accordance with these provisions of the will, said executor sold certain real estate to the defendant, Kocher, in payment receiving a certain amount in cash, and taking notes secured by mortgage for the balance; among which is the note sued on in this case for $1,500, and interest.

Afterwards certain proceedings were had in the probate court of Hamilton county. Cloud left a widow, and for this widow a guardian was appointed on account of insanity or imbecility, the guardian being one Simonson.

The probate court in these proceedings found that there were no children of the said J. P. Cloud; that there never had been any; and further found that the widow was entitled to the funds in the hands of the executor, Converse, given by said will to said children; and ordered said executor to pay said money over to said guardian. This was done, and among the funds turned over to said Simonson was the $1,500 note sued upon. After the note became due, Kocher paid to said Simonson the amount of the same. The note was given to said Converse, executor, and was payable to his order, and was indorsed by Converse in this way: "W. F. Converse, executor of J. P. Cloud." Converse filed his settlement in said court, and paid over to said Simonson the balance found due in his hands.

Afterwards, certain persons claiming to be the children of said Cloud turned up, and claimed the legacy under the will of their father. The plaintiff in this action was appointed administrator of the estate of said Cloud, has brought this action to collect from defendant the amount of said note.

The plaintiff claims that all the acts of the probate court are void; that said Converse had no right to turn said note over to said Simonson, guardian, and that said defendant, Kocher, was not authorized to pay said note in the hands of said guardian.

In our view of the case, it is unnecessary for us to express any opinion as to the invalidity of the acts of the probate court.

Converse, by the will, was authorized to sell the real estate in controversy; he was directed to convert into ready money said real estate; he had a right to sell the real estate as he did, for part cash and take purchase money notes for the balance, and the purchaser was not bound to look to the application of the proceeds. When he paid the cash and the purchase money notes according to their terms, he had performed his contract; and more than this he was not obliged to do, provided, of course, he acted in good faith and without fraud on his part. Converse indorsed and delivered this note to Simonson, and thereby authorized him to receive payment of the same. In the assignment and delivery of the note by Converse to Simonson, there is wanting, as far as it appears, any actual fraud or wrong on the part of either. Converse intended to deliver to Simonson a good title to the note—all the title he had in it. It may be that either or both Converse and Simonson were wrong—the one in turning over, and the other in receiving the note; and they or their bondsmen may be held to account to the person rightfully entitled to the same. But we are unable to see how Kocher can be held responsible for their error or wrong doing. Kocher agreed to pay the note to Converse or his order. He paid it in fact to the order of Converse to

the one to whom Converse had directed him to pay.　We see no difference between this than if he had paid to Converse himself.

The decision below was in accordance with these views, and the judgment will therefore be affirmed with costs.

*Milton Sater*, for Plaintiff in Error.

*Harmon, Colston, Goldsmith & Hoadly, P. W. Francis*, for Defendant in Error.

(Affirmed by supreme court without report, Tuesday, June 5, 1894.)

---

z Dec
589

# CONSTRUCTION OF CONTRACTS.

[Hamilton County Circuit Court, January Term, 1894.]

Smith, Swing and Shauck, JJ.

[Judge SHAUCK, of the Second Circuit, taking the place of Judge Cox.]